### ELIZABETH FICKETT *versus* LEMUEL DYER.

Where the devisor, seized of the estate in which dower was demanded, by his will, after making divers legacies, directed the same to be sold by his executor, and devised whatever should remain after paying debts and legacies to the husband of the demandant—*it was held*—that the husband acquired thereby no seizin—and that the devise was of such portion of the proceeds of the sales made by the executor as might not be wanted for the payment of debts or legacies.

When the executor, with power to sell by the will, conveyed the estate of his testator with covenant of the seizin of his testator, and the devisee of the remainder after the payment of debts and legacies by deed of warranty against all persons, but without covenants of seizin conveyed the same estate to the same grantee on the same day on which the deed of the executor was made and delivered—*it was held,* that the deed of the devisee operated only to confirm the title conveyed by the executor—and that the grantee was not estopped to deny his (the devisee's) seizin.

THIS was an action of dower. The marriage of the demandant with Asa Fickett and his decease were admitted. It appeared that a demand of dower was duly made.

To prove the seizin of Asa Fickett the plaintiff read a deed

of warranty against all persons, but containing no covenant of seizin, from Asa Fickett to Samuel Wells, dated April 24, 1826, conveying the premises in which dower was claimed for "the consideration of five hundred dollars, and of a conveyance this day made by John Jones, as executor of the last will of Moses Plummer, deceased, of the same premises, to said Samuel Wells." From Wells, the title was conveyed by deed dated April 21, 1830, to the tenant.

The defendant, to rebut any proof of seizin, read the following deeds conveying the same premises. A deed dated March 26th, 1795, from John Butler to Moses Plummer, Jr. — a deed dated Dec. 19, 1807, from Moses Plummer, Jr. to Moses Plummer — also a copy of the will of Moses Plummer, which had been approved and allowed, by which it appeared that John Jones was appointed executor — and that after making certain legacies, he ordered all his estate, both real and personal, to be sold by the executor for the payment of his debts and legacies, after the full payment of all which, he devised whatever should remain to his son-in-law, Asa Fickett, and his heirs, to be paid him or them by his executor — and that he authorized his executor to make sale and dispose of said property for the purposes mentioned in the will.

It further appeared that John Jones took upon himself the trust of executor, and being duly qualified by deed dated April 24, 1826, in which he covenanted that said Plummer died seized, conveyed the premises aforesaid, as executor, to Samuel Wells. To the introduction of the testimony offered by the tenant, the plaintiff's counsel objected.

Upon this evidence, Shepley J. being of opinion that the seizin of the husband was not proved, the plaintiff submitted to a nonsuit, which was to be set aside and a new trial granted, if that opinion was erroneous.

*Fox,* for the demandant, argued, that Wells, by receiving a deed from Fickett, was estopped to deny his seizin. *Kimball* v. *Kimball,* 2 Greenl. 226 ; *Nason* v. *Allen,* 6 Greenl. 243 ; *Hains* v. *Gardner,* 1 Fairf. 383.

If not estopped by the deed of Fickett, by the will of Plum-

mer the legal estate vested in Fickett as residuary legatee. Such seizin is sufficient to entitle the widow to dower. 8 Co. R. 96; 2 Vernon, 404.

*Haines & Preble* contended, that st. 1821, c. 40, § 6, required seizin in the husband. That here Fickett was never seized — that Plummer was seized till his death — and that Fickett never entered into possession.

If here was a vested remainder, that would not give such a seizin as would entitle the demandant to dower. *Eldredge* v. *Forrestal & ux.* 7 Mass. R. 253.

The title to Wells passed from Jones as executor — and the deed from the husband was only to confirm that title. The doctrine of estoppel applies only where the title is held under the husband — but in no case is the wife of a grantor under whom the title is *not* held, entitled to dower. But estoppels are not to be favored. *Marshall* v. *Fisk*, 6 Mass. R. 32; *Emery* v. *Chase*, 5 Greenl. 235; *Leicester* v. *Rehoboth*, 4 Mass. R. 180; *Bridgewater* v. *Dartmouth*, Ibid. 273.

The opinion of the Court was delivered by

WESTON C. J. — From the facts in the case, it is quite apparent, that the husband of the demandant was never seized of the premises, in which she claims dower. It was part of the estate, of which Moses Plummer died seized. By his last will and testament, he had authorized his estate to be sold by his executor. And the authority thus given was duly exercised. We are satisfied, that the residue of the estate, devised or bequeathed to the husband of the demandant, was such portion of the proceeds of the sales made by the executor, as might not be wanted for the payment of the debts and legacies, if he thought proper to sell under the power. That power was plainly given, and was exercised, with the assent of the party interested in the residuum, although the validity of the power was not made to depend upon such assent.

It is however urged, that Samuel Wells, under whom the tenant claims, having taken a deed from the husband, he and all who derived title from him are estopped to deny the seizin of

the husband. And the doctrine is well established that a party, holding from the husband, is estopped to deny a seizin thus derived. The cases of *Kimball* v. *Kimball*, 2 Greenl. 226, and of *Nason* v. *Allen*, 6 Greenl. 243, with the authorities there cited, upon which they are supported, turn upon this principle. In *Hains* v. *Gardner & al.* 1 Fairf. 383, the tenants were held estopped for the same reason, namely, that they held under the husband. They had also, through mesne conveyances the deed of another party; and it was a question much discussed, whether that party or the husband was in fact seized. The court however held the tenants estopped, because they or those under whom they claimed, had taken a deed of general warranty from the husband to whom the greater part of the consideration was paid. And it was regarded as a fact, having an important bearing upon the decision, that they accepted from the husband a deed containing a covenant of seizin.

The case before us differs essentially and materially from those cited. The tenant does not hold under the husband. He derived seizin and title from the executor of Plummer under his will. The husband did not claim to be seized. His deed contains no covenant of seizin. He passed only his right, title, and interest, whatever it might be. He recognizes the previous conveyance made by the executor under the will, as one of the considerations of his deed. His general covenant of warranty neither establishes nor admits his seizin. That would be sustained and made good by the previous valid title, which the grantee had received from the executor. It was manifestly taken as a matter of precaution by the purchaser, and ought not, in our judgment, upon the facts in the case, to prejudice him, or those claiming under him.

*Nonsuit confirmed.*